UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC. II.<br><br>Plaintiffs,<br><br>v.<br><br>L. L. BEAN, INC. and Does 1-10 inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively "Skechers") bring this action against defendant L. L. Bean, Inc. ("L. L. Bean") to address its willful infringement of certain Skechers patents, and allege as follows:

## NATURE OF THE ACTION

1. Since it began as a start-up shoe company with a single line of footwear in 1992, Skechers has worked tirelessly to now be the third largest footwear company in the world. That explosive growth is based on the quality, comfort, and visual appeal of its shoes. As a lifestyle and performance footwear company, Skechers is continuously developing new shoe designs and advancing the state of the art so that the visual appearance of its shoes has the broadest consumer appeal. To protect these designs, Skechers has sought and been awarded hundreds of patents from the United States Patent and Trademark Office. These patents, along with Skechers' trademarks, are the legal lifeblood of the company. Over decades,

1

Skechers has invested and spent hundreds of millions of dollars researching, creating, and promoting its new shoe designs. Over the years, Skechers has designed tens-of-thousands of shoe styles and presently sells its shoes in more than 170 countries and in its more than 5000 retail stores and on its website and numerous third-party websites.

2. Skechers' footwear styles are, and have been, promoted by celebrities including Martha Stewart, Snoop Dogg, Doja Cat, Willie Nelson, Sugar Ray Leonard, Ringo Starr, Britney Spears, Carrie Underwood, Meghan Trainor, Tony Romo, Brooke Burke, Kim Kardashian, Howie Long, and Robert Downey Jr. Between the quality and visual appeal of its shoes and these celebrity endorsements, numerous Skechers shoe styles have become wildly successful, popular, and highly acclaimed.

3. Skechers' shoe styles that embody its patented designs that are the subject of this complaint (a.k.a. "Heel Cup") have sold millions of pairs. These designs all embody the overall ornamental appearance of the heel of the shoe and the ornamental appearance of certain parts of the heel of the shoe. These designs are unique and eye-catching because they use graceful, sweeping, gently rolling lines and slopes to create the ornamental appearance of the heel of the shoe and make it visually appealing.

4. Based on these novel and unique designs and the proven popularity of the shoes that embody these designs, L. L. Bean began making and selling a shoe that has the same heel design as the patented Skechers Heel Cup designs. Only after Skechers incurred the substantial risk and monumental expense of developing and promoting its shoes with these Heel Cup designs, and established that they had broad appeal, did L. L. Bean enter the market with its infringing shoe. Sample images from each one of the two Skechers' patents that L. L. Bean infringes are shown below.



Patent No.: US D992,888 S, Ex. 1



| Patent No.: US D994,312 S, Ex. 2 |
|---|

Sample images of the heel portion of L. L. Bean's infringing shoes are shown below in side-by-side comparison with the corresponding Figure from the respective patent which the L. L. Bean shoe infringes.



| Patent No.: US D992,888 S, Ex. 1 | L. L. Bean Freeport Shoe |
|---|---|



| Patent No.: US D994,312 S, Ex. 2 | L. L. Bean Freeport Shoe |

As can be seen in the above images, L. L. Bean's Freeport shoe (the "L. L. Bean shoe") embodies Skechers' patented Heel Cup designs. Images of an infringing L. L. Bean shoe taken from the L. L. Bean website, https://www.llbean.com, are attached, Ex. 3.

5. By this action, Skechers seeks to stop L. L. Bean's patent infringement and obtain compensation for that infringement.

## PARTIES

6. Plaintiff Skechers U.S.A., Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.

7. Plaintiff Skechers U.S.A., Inc. II is a corporation duly organized and existing under the laws of the State of Virginia with its principal place of business

located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266. Skechers U.S.A., Inc. II is a wholly-owned subsidiary of Skechers U.S.A., Inc.

8. On information and belief, defendant L. L. Bean, Inc. is a corporation duly organized and existing under the laws of the State of Maine with its principal place of business located at 15 Casco Street, Freeport, Maine 04033.

9. Does 1 – 10 are unknown to Skechers and sued herein under fictitious names. They consist of those who have imported, advertised, offered for sale, sold, distributed or otherwise commercially used the accused products described below. When their true names and capacities are ascertained, Skechers will amend this complaint by inserting their true names and capacities.

## JURISDICTION AND VENUE

10. Jurisdiction in this Court arises under the provisions of 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks), and 35 U.S.C. §§ 101 *et seq*. and, in particular, §§ 271 and 289 (U.S. Patent Law).

11. This Court has personal jurisdiction over L. L. Bean because it has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of New York, including in this District. These acts by L. L. Bean cause injury to Skechers within

this District.  Upon information and belief, L. L. Bean derives revenue from the sale of infringing products within this District, expects its actions to have consequences within this District, and derives revenue from interstate and international commerce.

12.  Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because L. L. Bean transacts business within this District and offers for sale in this District products that infringe the Skechers Heel Cup patents and, based on information and belief, L. L. Bean has a regular and established place of business in this District located at 1 Ridge Hill Boulevard, Yonkers, New York 10710.  L. L. Bean does business in this District through its website www.llbean.com.  That website indicates that L. L. Bean has regular and established places of business at the following additional locations in New York:

- 131 Colonie Center, Albany, NY 12205;
- 1565 Niagara Falls Boulevard, Suite 400, Amherst, NY 14228;
- 304 Towne Center Drive, Fayetteville, NY 13066;
- 220 Smith Haven Mall, Lake Grove, NY 11755;
- 1187 Ulster Ave, Kingston, NY 12401;
- 60 Eastview Mall Drive, Victor, NY 14564; and
- 1444 U.S. 9, Lake George, NY 12845.

## SKECHERS' PATENT RIGHTS

13.　　Skechers dedicated teams of people to develop and design its Heel Cup design. The patented design has broad appeal and was instantly successful.

14.　　Skechers owns all rights, title, and interest in and to each of those design patents. Those design patents are identified below and attached as Exhibits 1-2.

| Ex. No. | Patent Number | Title |
|---|---|---|
| 1 | US D992,888 S (the " '888 Patent") | Shoe Upper Component |
| 2 | US D994,312 S (the " '312 Patent") | Shoe Upper Component |

## L. L. BEAN'S INFRINGING PRODUCTS

15.　　Rather than innovate and develop its own designs and a unique style for its footwear products, L. L. Bean chose to copy Skechers' innovative design elements.

16.　　L. L. Bean had many options in developing its footwear products. Instead, L. L. Bean chose to infringe Skechers' design patents by copying Skechers' Heel Cup shoe style.

17.　　L. L. Bean is infringing Skechers' '888 Patent and '312 Patent by making and selling shoes such as the L. L. Bean shoe shown above.

## FIRST CLAIM FOR RELIEF
[Infringement of the '888 Patent]

18.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

19.     L. L. Bean has infringed and continues to infringe the '888 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the L. L. Bean shoe.  The L. L. Bean shoe embodies the design claimed in the '888 Patent.

20.     Skechers is informed and believes, and on that basis alleges, that L. L. Bean's infringement of the '888 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

21.     Skechers is informed and believes, and on that basis alleges, that L. L. Bean has gained profits by virtue of its infringement of the '888 Patent.

22.     Skechers will suffer and is suffering irreparable harm from L. L. Bean's infringement of the '888 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against L. L. Bean's continuing infringement of the '888 Patent.  Unless enjoined, L. L. Bean will continue its infringing conduct.

## SECOND CLAIM FOR RELIEF
[Infringement of the '312 Patent]

23. Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

24. L. L. Bean has infringed and continues to infringe the '312 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the L. L. Bean shoe. The L. L. Bean shoe embodies the design claimed in the '312 Patent.

25. Skechers is informed and believes, and on that basis alleges, that L. L. Bean' infringement of the '312 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

26. Skechers is informed and believes, and on that basis alleges, that L. L. Bean has gained profits by virtue of its infringement of the '312 Patent.

27. Skechers will suffer and is suffering irreparable harm from L. L. Bean's infringement of the '312 Patent. Skechers has no adequate remedy at law and is entitled to an injunction against L. L. Bean's continuing infringement of the '312 Patent. Unless enjoined, L. L. Bean will continue its infringing conduct.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II respectfully request relief against L. L. Bean as follows:

1. A judgment declaring that L. L. Bean has infringed one or more claims of each of Skechers' asserted design patents;

2. An order and judgment preliminarily and permanently enjoining L. L. Bean and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with it, and its subsidiaries, divisions, successors and assigns, from further acts of infringement of Skechers' asserted design patents;

3. A judgment awarding Skechers all damages adequate to compensate for L. L. Bean's infringement of Skechers' asserted design patents, and in no event less than a reasonable royalty for L. L. Bean's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4. A judgment awarding Skechers all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5. A judgment awarding Skechers all of L. L. Bean's profits and all remedies, pursuant to 35 U.S.C. § 289 together with prejudgment interest;

6. Costs of suit and reasonable attorneys' fees; and

7. Any other remedy to which Skechers may be entitled, including under any other law that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II demand a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

Respectfully submitted,

ALSTON & BIRD

July 15, 2024           By:  /s/ *Andrew J. Ligotti*
                             Andrew J. Ligotti
                             andy.ligotti@alston.com
                             90 Park Avenue, 15th Floor
                             New York, New York 10016
                             Tel.: (212) 210-1286
                             Fax: (212) 210-9444

                             Robert L. Lee (to be admitted *pro hac vice*)
                             bob.lee@alston.com
                             One Atlantic Center
                             1201 West Peachtree Street, Suite 4900
                             Atlanta, Georgia 30309
                             Tel.: (404) 881-7635
                             Fax: (404) 991-7777

                             KLEINBERG & LERNER, LLP
                             Marshall A. Lerner (to be admitted *pro hac vice*)
                             mlerner@kleinberglerner.com
                             Steven J. Kim (to be admitted *pro hac vice*)
                             skim@kleinberglerner.com
                             Bradford E. Mattes (to be admitted *pro hac vice*)
                             bemattes@kleinberglerner.com

12

1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Tel.: (310) 557-1511
Fax: (310) 557-1540

*Attorneys for Plaintiffs Skechers U.S.A.,
Inc. and Skechers U.S.A., Inc. II*